UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA D.,[1]<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,[2] Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. CV 18-6602-KK<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) |

**I.**

**INTRODUCTION**

Plaintiff Ramona D. ("Plaintiff")'s counsel, Brian C. Shapiro of the Law Offices of Lawrence D. Rohlfing ("Counsel"), filed a Motion for Attorney Fees ("Motion") pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). The Motion seeks an award of $14,655.38 for representing Plaintiff in an action to obtain disability insurance benefits with a refund to Plaintiff of $3,250.00 for the Equal Access to

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court substitutes Andrew Saul, the current Commissioner of Social Security, as Defendant in this action. Fed. R. Civ. P. 25(d).

Justice Act ("EAJA") fees previously awarded. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS the Motion.

## II.

## **RELEVANT BACKGROUND**

On August 1, 2018, Plaintiff filed the Complaint in this action. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleged the Commissioner of the Social Security Administration ("Defendant") improperly denied Plaintiff's application for Title II Disability Insurance Benefits ("DIB"). Id. On March 22, 2019, the Court entered Judgment reversing the decision of Defendant and remanding the case for further administrative proceedings. Dkt. 22, Order; Dkt. 23, Judgment.

On April 5, 2019, the Court issued an order approving the parties' stipulation awarding EAJA fees to Counsel in the amount of $3,250.00. Dkt. 25, Order Approving EAJA Fees.

On January 2, 2020, Counsel filed the instant Motion pursuant to Section 406(b) seeking attorney fees in the amount of $14,655.38 with a reimbursement to Plaintiff in the amount of $3,250.00 for the EAJA fees previously paid. Dkt. 26, Mot. Counsel states 17.6 hours of attorney and paralegal time were spent representing Plaintiff in federal court. Dkt. 26 at 12-13, Declaration of Brian C. Shapiro ("Shapiro Decl."), ¶ 5. Counsel seeks compensation pursuant to a contingency agreement dated February 17, 2016, which provides if Plaintiff prevails in federal court, Counsel's fee is "a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." Shapiro Decl., ¶ 2; Dkt., 26-1, Social Security Representation Agreement at ¶ 4.

On January 2, 2020, Counsel served Plaintiff with the Motion and informed her that she had a right to file a response to the Motion. Dkt. 26 at 14, Proof of Service. Plaintiff has not filed a response.

On January 10, 2020, Defendant filed a Response to the Motion. Dkt. 27. Defendant "takes no position on the fee request." Id. at 2.

Thus, the Court deems this matter submitted.

## III.

## **DISCUSSION**

**A.     APPLICABLE LAW**

Pursuant to Section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793. A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject the

3

primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. Thus, courts should not apply lodestar rules in cases where the claimant and counsel reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits in determining whether a lawful contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.

Additionally, the Court must determine whether a previously awarded EAJA fee should be refunded to Plaintiff in the event both Section 406(b) and EAJA fees are awarded. "Congress harmonized fees payable by the [Agency] under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Gisbrecht, 535 U.S. at 796.

///

**B.     ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b). Plaintiff retained Counsel to represent her in federal court in her appeal from the administrative denial of benefits and agreed to pay Counsel a contingent fee of twenty-five percent of any past due benefits obtained for work performed in court. See Shapiro Decl., ¶ 2; Dkt., 26-1, Social Security Representation Agreement at ¶ 4. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further administrative proceedings and an award of past due benefits. See Dkt. 23, Judgment; Dkt. 26-2, Notice of Award. Further, the time expended to litigate this case, i.e. 17.6 hours, was reasonable and within the approved range for social security disability cases. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range").

In addition, a fee of $14,655.38 based on 17.6 hours of attorney time is reasonable. See Shapiro Decl., ¶ 5. The Court finds Counsel's effective hourly rate of approximately $832.69[3] reasonable under the circumstances. See Villa v. Astrue, No. CIV S-06-0846 GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingency fee agreements yielding similar hourly rates to the rate Counsel seeks. See, e.g., Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per

---

[3] The Court's calculation is achieved by dividing $14,655.38 by 17.6 hours of time.

5

hour); see also Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding "an hourly rate of $1,546.39 for attorney and paralegal services" is reasonable). Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests would not represent an unfair windfall to Counsel.

Additionally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff. Counsel assumed the risk of nonpayment inherent in a contingency agreement and Counsel's efforts proved successful for Plaintiff. Accordingly, the Court finds the Section 406(b) fees Counsel requests reasonable.

## IV.

## **ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** (1) Counsel's Motion for Attorney Fees Pursuant to Section 406(b) is **GRANTED**; (2) Defendant is directed to pay Counsel the sum of $14,655.38 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $3,250.00.

Dated: January 29, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge